IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| STEPHANIE AMOS, as Daughter, Next Legal Friend, and Lawful Guardian of PATRICIA ANN HARRIS, an incapacitated person, | * * * * * | |
| Plaintiff, | * * | |
| v. | * * | CIVIL ACTION NO.: _____ |
| NORTH HILL NURSING AND REHABILITATION CENTER, LLC, et al., | * * * * | |
| Defendants. | * | |

## NOTICE OF REMOVAL

COMES NOW the Defendant, NORTH HILL NURSING AND REHABILITATION CENTER, LLC ("North Hill"), and files this Notice of Removal of this action from the Circuit Court of Jefferson County, Alabama, to the United States District Court for the Northern District of Alabama, Southern Division. As grounds hereto, the Defendant shows unto the Court as follows:

## BACKGROUND OF THIS ACTION

1. The above-entitled cause has been brought in the Circuit Court for Jefferson County, Alabama by service of the Summons and Complaint via certified mail on or about January 16, 2018, and is now pending therein. A complete copy of the lawsuit along with all State Court pleadings is attached hereto as Exhibit "A"

and is incorporated herein by reference.  This case is being removed within thirty (30) days of service and well within one (1) year of the commencement of this action.

2. Said action is of a civil nature at law whereby the Plaintiff seeks to recover damages in excess of $75,000.00 from the Defendant, exclusive of interest and costs.

3. As described in detail below, there is complete diversity between Plaintiff and the Defendant.

## THE PLAINTIFF

4. Stephanie Amos, as Daughter, Next Legal Friend and lawful Guardian of Patricia Ann Harris, is the only named Plaintiff.  Upon information and belief, and as pled in the Plaintiff's Complaint, Ms. Harris, was, and is, a resident of Jefferson County, Alabama at all times relevant to the Complaint.  Therefore, the Plaintiff is a citizen of the State of Alabama.  28 U.S.C. §1332(c)(2).

## THE REMOVING DEFENDANT

5. The sole Defendant, North Hill, is and, at the time of the commencement of this action, was a limited liability company organized and existing under the laws of the State of Alabama.  However, North Hill's only members are D&N, LLC and DTD HC, LLC.  D&N, LLC and DTD HC, LLC are New York limited liability companies.  D&N, LLC's members are Norbert A. Bennett, the Norbert A. Bennett Children's Trust, and the Norbert A. Bennett Grand-

Children's Trust.  Mr. Bennett is a resident and citizen of the State of New York.  The trustee of the Norbert A. Bennett Children's Trust and the Norbert A. Bennett Grand-Children's Trust is Ronald Bennett, a resident and citizen of New York.  (*See* Affidavit of Norbert A. Bennett, attached hereto as Exhibit "B").  DTD HC, LLC's members are Donald T. Denz and the Donald T. Denz Irrevocable Trust.  Mr. Denz is a resident and citizen of the State of New York.  The trustee of the Donald T. Denz Irrevocable Trust is Martin J. Clifford, a resident and citizen of New York.  (*See* Affidavit of Donald T. Denz, attached hereto as Exhibit "C").

6. North Hill is not a citizen of the State of Alabama.  North Hill is a citizen of the State of New York, since its members are all citizens of the State of New York.  *Rolling Green MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

## **GROUNDS FOR REMOVAL**

7. This case is being removed pursuant to 28 U.S.C. §1441 *et seq.*, inasmuch as this action could have originally been brought in this Court pursuant to 28 U.S.C. §1332.

8. This Notice of Removal is timely filed because it is being submitted within one (1) year from the January 10, 2018, date of commencement of the action and within thirty (30) days of service of the Complaint on the first-served Defendant, which was January 16, 2018.

9. A true and correct copy of this Notice of Removal is being served on counsel for Plaintiff on this date.

10. A true and correct copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Jefferson County, Alabama.

11. No special bail was or is required in this action.

## JURISDICTION UNDER 28 U.S.C. §1332

12. This action could have originally been brought in this Court pursuant to 28 U.S.C. §1332 in that it is a civil action wherein the matter in controversy exceeds $75,000.00 exclusive of interest and costs and there is diversity of citizenship among the Plaintiff and Defendant.

13. Plaintiff's suit arises from Ms. Harris's residency at North Hill. According to the Complaint, Plaintiff claims that the Defendant did not provide appropriate medical and nursing care to her, which caused severe injuries and damages. Specifically, Plaintiff claims that Ms. Harris was left unattended and "fell and sustained serious injury to the head and face requiring hospitalization." The alleged damages include a skull fracture, lacerations, hospitalization for treatment, permanent injuries, a decline in function, decreased quality of life, great physical pain, emotional distress, anguish, an increased risk of skin breakdown, contractures, pain, and falls, and future treatments and expenses after falling at the facility. Additionally, Plaintiff seeks punitive damages for the alleged wrongful acts.

14. In regard to the amount in controversy, Plaintiff's Complaint does not seek a specific monetary amount. Plaintiff has alleged a number of claims against the Defendant and fictitious parties[1], which essentially assert neglect, mistreatment, medical malpractice and wantonness claims against the Defendant. Such claims for alleged serious injuries support a finding that the amount in controversy exceeds $75,000.00. Specifically, Alabama courts have routinely affirmed personal injury verdicts against healthcare providers in excess of $75,000.00 based on allegations similar to those present here. *HealthTrust, Inc. v. Cantrell,* 689 So.2d 822 (Ala. 1997) (affirming $818,000 compensatory damages award against Crestwood Hospital where plaintiff alleged physical injuries); *Mobile Infirmary Medical Center v. Hodgen*, 884 So.2d 801 (Ala. 2003) (affirming $1,500,000 punitive damages award against hospital where plaintiff alleged physical injuries); *Hrynkiw v. Trammell*, 965 So.3d 794 (Ala. 2012) (affirming $1,650,000 compensatory damages award against physician where plaintiff alleged physical injuries).

15. "When the Complaint does not claim a specific amount of damages, removal from state court is (jurisdictionally) proper if it is facially apparent from the Complaint that the amount in controversy exceeds a jurisdictional requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (citing

---

[1] For removal purposes, the citizenship of a defendant sued under a fictitious name is not considered. 28 U.S.C. §1441(2).

*Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001)). "[I]f the jurisdictional amount is not facially apparent from the Complaint, the Court should look to the Notice of Removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id.; see also, e.g.*, 16 *James Wm. Moore, et al., Moore's Federal Practice*, § 107.14(2)(g), at 107-86.4 to 107.86.5 (3rd Ed. 2010) ("when determining if the defendant has satisfied this burden [to establish jurisdiction by a preponderance of the evidence], the Court will consider first whether it is facially apparent from the Complaint that the jurisdictional amount is in controversy. If it is not, the Court may consider facts alleged in the Notice of Removal, judicial omissions made by the plaintiffs, non-sworn letters submitted to the Court, or other summary judgment type evidence that may reveal that the amount in controversy requirement has been satisfied."). Additionally, "[t]o assert the amount in controversy adequately in the removal notice" the Defendants' Notice of Removal need only contain "a statement 'short and plain'" and the Notice of Removal "need not contain evidentiary submissions". *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 Sup.Ct. 547, 551 (2014). Additionally, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 554.

16. In addition to meeting the requirement that the amount in controversy exceeds $75,000.00, there is complete diversity of citizenship between the Plaintiff and Defendant.

17. This suit is removed to this Court, under and by virtue of the Acts of The Congress of the United States, and the Defendant is desirous of removing said cause to this Court.

WHEREFORE, PREMISES CONSIDERED, the Defendant prays that the above-entitled cause be removed to the United States District Court for the Northern District of Alabama, Southern Division, according to the statutes in such case made and provided.

DONE this the 8th day of February, 2018.

/s/R. Gordon Sproule, Jr.
R. Gordon Sproule, Jr. (ASB-1177-U83R)
Paul B. Wallace, Jr. (ASB-2023-H54Z)
Attorneys for Defendant,
NORTH HILL NURSING AND REHABILITATION CENTER, LLC

**OF COUNSEL:**
HUIE, FERNAMBUCQ & STEWART, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484
Telephone: (205) 251-1193
Facsimile: (205) 251-1256
gsproule@huielaw.com
pwallace@huielaw.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the above and foregoing document on all counsel of record, by electronic notice and/or by placing a copy of same in the United States Mail, postage prepaid and properly addressed, on this the 8th day of February, 2018:

Robert P. Fann
ALEXANDER SHUNNARAH INJURY LAWYERS
3636 Clairmont Avenue South
Birmingham, AL  35222
bfann@asilpc.com

                              */s/R. Gordon Sproule, Jr.*
                              Of Counsel